IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-182-PLR-DCP |
| FRANK MELVIN CHE-ADKINS, | ) | |
| DEMETRIUS LLOYD, and | ) | |
| MELISSA RUSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to

28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

District Court as may be appropriate. This case came before the Court on March 28, 2019, for a

series of motion hearings on pending pretrial motions. Assistant United States Attorney Brent

Nelson Jones appeared on behalf of the Government. The following defense counsel appeared

with their clients: Attorney Michael Thomas Cabage represented Defendant Che-Adkins;

Attorney Mark E. Brown represented Defendant Lloyd, and Assistant Federal Defender Benjamin

G. Sharp participated by telephone on behalf of Defendant Russell. All three Defendants were

also present.

## I.    SUBSTITUTION OF COUNSEL

The Court first addressed the Motion to Appoint New Counsel [Doc. 92], filed

by Attorney Cabage, and the *pro se* request [Doc. 95] to discharge counsel by Defendant Lloyd.

In his *pro se* filing, Defendant Che-Adkins contends that he has repeatedly asked Mr. Cabage for

his

discovery and that Mr. Cabage has met with him twice and expressed ambivalence as to whether the case proceeds to trial on both occasions. Mr. Cabage states that Defendant Lloyd told him that he wanted new counsel on March 9, 2019. Mr. Cabage states that he is filing the motion for new counsel for the Defendant, but that he does not join in the motion.

At the motion hearing, Mr. Cabage stated that although he is willing to continue to represent Defendant Che-Adkins, he believes there has been a breakdown in communication in the attorney-client relationship. The Court conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that issues relating to insufficient time for pretrial preparations have caused a breakdown in communication between the Defendant and Mr. Cabage. The Court also finds that this breakdown in communication has led Defendant to have a lack of trust in counsel and has compromised beyond repair Mr. Cabage's ability to present an adequate defense in this case. The Court finds that it is appropriate to have new counsel take a fresh look at this case and advise the Defendant on how to proceed. Accordingly, the Court finds that good cause exists to substitute new counsel for Mr. Cabage, under the unique circumstances of this case.

Accordingly, the motions [**Docs. 92 & 95**] are **GRANTED**, and Mr. Cabage is relieved as counsel of record for the Defendant. The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Jamie Poston Hughes was present at the hearing and agreed to accept representation of the Defendant. After the Court appointed Ms. Hughes, Ms. Hughes realized that she had an actual conflict, stemming from a preliminary meeting with a codefendant in this case. The parties returned later in the afternoon, along with Attorney Ursula Bailey. Ms. Bailey stated that she understands the status of this case and that she is willing

to represent Defendant Che-Adkins.  The Court **SUBSTITUTES** and **APPOINTS** Ms. Bailey as

Defendant Che-Adkins's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. §

3006A.  Defendant Che-Adkins is encouraged to make every effort to work with Ms. Bailey

through the remainder of this case.  The Court admonished Defendant Che-Adkins that it would

not substitute counsel again, apart from an actual conflict of interest or exceptional circumstances.

The Court notes that Mr. Cabage provided the discovery from the Government to Ms. Hughes,

who passed it to Ms. Bailey.

## II.     WITHDRAWN MOTIONS

The Court held an evidentiary and motion hearing on all of Defendant Lloyd's

pending pretrial motions [Docs. 79, 80, 81, & 85].  During oral argument on the non-dispositive

motions, Mr. Brown stated that he was satisfied with the Government's timing for disclosing

evidence pursuant to Federal Rules of Evidence 404(b) and 609, as stated in the Government's

responses [Docs. 97 & 98] to Defendant Lloyd's Motion for Pretrial Notice of the Government's

Intent to Use Fed. R. Evid. 609 Impeachment Evidence [Doc. 80] and Motion for Pretrial Notice

of Government's Intent to Use Fed. R. Evid. 404(b) Evidence [Doc. 81].  Thus, Mr. Brown asked

that those motions [Docs. 80 & 81] be withdrawn.  Because the Defendant no longer seeks a ruling

on his motions for pretrial disclosure of certain evidence, the motions [**Docs. 80 & 81**] are

**WITHDRAWN**.

## III.    NEW SCHEDULE

The Court also took up Defendant Che-Adkins's Second Motion to Continue

Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [Doc. 78], which was filed

by Attorney Cabage on Feburary 28, 2019. The motion relates that discovery in this case is voluminous and that defense counsel needs additional time to review discovery, prepare and file pretrial motions, and prepare the case for trial. The motion states that Defendant Che-Adkins waives his speedy trial rights with regard to this motion and that the Government does not object to a trial continuance. At the motion hearing, newly appointed counsel, Ms. Bailey, said that she needed time to meet with her client and to review the discovery in this case. She asked that the Court continue the trial and set a new schedule. Mr. Brown and Mr. Sharp stated that Defendants Lloyd and Russell had no objection to the motion. AUSA Jones confirmed that the Government also did not object.

The Court finds Defendant Lloyd's motion to continue the trial and other deadlines to be well taken and that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court appointed new counsel for Defendant Che-Adkins on March 28, 2019. The Court finds that Ms. Bailey needs time to review discovery, prepare and litigate pretrial motions, interview witnesses, confer with the Defendant, and prepare the case for trial. Discovery in this case is voluminous and includes hours of recordings of intercepted telephone conversations. The Court finds that requiring the parties to proceed to trial on July 30 would deprive counsel of the reasonable time necessary to prepare effectively for trial, even taking into account her acting with due diligence. The Court also observes that it held an evidentiary hearing on a dispositive motion on March 28, 2019. 18 U.S.C. § 3161(h)(1)(D). The undersigned will need time to prepare a report and recommendation on that motion, and following any objections by the parties, the District Judge will need time to review the filings and rule on the motion. 18 U.S.C. § 3161(h)(1)(H). The Court also finds that continuing the trial for six months is necessary in order to permit a ruling on the dispositive motion

4

and to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. §
3161(h)(7)(B)(iv).

Accordingly, the motion to continue the trial and extend pretrial deadlines [**Doc.
78**] is **GRANTED**, and the trial of this matter is reset to **October 1, 2019**. The Court finds that
all the time between the filing of the motion on February 28, 2019, and the new trial date of October
1, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See*
18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). With regard to other scheduling in this case,
the Court set a new motion deadline of **May 13, 2019**, for Defendant Che-Adkins. Responses to
motions are due on or before **May 28, 2019**. The parties are to appear before the undersigned for
a motion hearing on **June 10, 2019, at 1:30 p.m.**. The new deadline for concluding plea
negotiations and providing reciprocal discovery is **September 3, 2019**. The Court instructs the
parties that all motions *in limine* must be filed no later than **September 16, 2019**. Special requests
for jury instructions shall be submitted to the Chief District Judge no later than **September 20,
2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

## IV. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) The motions to substitute counsel for Defendant Che-Adkins
[**Docs. 92 & 95**] are **GRANTED**. Attorney Michael Thomas
Cabage is **RELIEVED** of his representation of Defendant Che-
Adkins. Mr. Cabage is **DIRECTED** to provide all discovery and
the Defendant's file to new counsel as soon as possible;

(2) Attorney Ursula Bailey is **SUBSTITUTED** and **APPOINTED**
as Defendant Che-Adkins's counsel of record under the CJA;[1]

---

[1] The Court initially substituted Attorney Jamie Poston Hughes as Defendant Che-Adkins's
counsel, pursuant to the CJA. After finding that Attorney Hughes had an apparent actual
conflict, the Court relieved Ms. Hughes of her representation of Defendant Che-Adkins and
substituted Ms. Bailey.

(3) Defendant Lloyd's Motion for Pretrial Notice of the Government's Intent to Use Fed. R. Evid. 609 Impeachment Evidence [**Doc. 80**] and Motion for Pretrial Notice of Government's Intent to Use Fed. R. Evid. 404(b) Evidence [**Doc. 81**] are **WITHDRAWN**, at the request of defense counsel;

(4) Defendant Che-Adkins's Second Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [**Doc. 78**] is **GRANTED**;

(5) The trial of this case is reset to commence on **October 1, 2019,** before the Honorable Pamela L. Reeves, United States District Judge;

(6) All time between the filing of Defendant Che-Adkins's motion on **February 28, 2019**, and the new trial date of **October 1, 2019**, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(7) Defendant Che-Adkins's motion deadline is reset to **May 13, 2019**;

(8) Responses to pretrial motions are due on or before **May 28, 2019;**

(9) The parties are to appear before the undersigned for a motion hearing on **June 10, 2019, at 1:30 p.m.**;

(10) The new deadline for concluding plea negotiations and providing reciprocal discovery is **September 3, 2019**;

(11) Motions *in limine* are due on or before **September 16, 2019**; and

(12) Special requests for jury instructions shall be submitted to the District Judge no later than **September 20, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge